UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BRYER,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>  Defendants. | Case No. 15-cv-00378-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>(Re: Docket No. 47, 49, 55) |

This mortgage foreclosure action arises out of a loan to Plaintiff Linda Bryer from First Magnus Financial Corporation, a company that no longer exists.[1] Now, Bryer claims, entities that have no right to foreclose on her property are trying to do so.[2] Defendants U.S. Bank National Association and Select Portfolio Servicing, Inc., two of those entities, move to dismiss Bryer's first amended complaint.[3] Bryer opposes the motion.[4] Defendants' motion is GRANTED, but with partial leave to amend.

**I.**

Bryer has owned a piece of real property in Capitola, California since 1994.[5] In 2006, she

---

[1] *See* Docket No. 42 at ¶¶ 14, 16.

[2] *See id.* at ¶¶ 22-36.

[3] *See* Docket No. 47. Defendant ALAW moves to join the motion to dismiss and provides its own independent grounds for dismissal. *See* Docket Nos. 49, 55. The motions for joinder are GRANTED. The court does not reach the defenses particular to ALAW.

[4] *See* Docket No. 53.

[5] *See* Docket No. 42 at ¶ 6.

1
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

obtained a loan of $596,000 from First Magnus, securing the loan with a deed of trust on the Capitola property.[6] The deed of trust also named Mortgage Electronic Registration Systems, Inc. as the "nominee for Lender and Lender's successors and assigns" and First American Title Company as the "Trustee."[7] Less than two years later, First Magnus went under.[8]

The mortgage apparently remained in limbo until 2011. On May 25 of that year, however, an assignment of the deed of trust purported to transfer "all beneficial interest under" the deed of trust from First American Title to U.S. Bank.[9] Colleen Irby, an Assistant Secretary at MERS, signed the document.[10] Another document executed on the same day by Irby "substitute[d] California Reconveyance Company . . . as Trustee."[11] On June 2, CRC recorded the assignment and the substitution with the Santa Cruz County Recorder's Office—along with a notice of default signed by a CRC employee.[12]

Bryer identifies several problems with this course of conduct. First, she disputes the validity of the assignment. By 2011, First Magnus was defunct, and Bryer alleges that MERS had no authority to assign the deed of trust on First Magnus' behalf.[13] Second, Bryer argues that the notice of default also was invalid. She cites various procedural defects and claims that CRC never had authority from First Magnus to initiate foreclosure.[14] Citing these problems, Bryer's operative

---

[6] *See id.* at ¶¶ 2, 6, 14; *id.*, Ex. A (deed of trust); *id.*, Ex. B (promissory note).

[7] *Id.*, Ex. A at 2; *see id.* at ¶ 15.

[8] *See id.* at ¶¶ 16-17, 22.

[9] *Id.*, Ex. C; *see id.* at ¶ 18.

[10] *See id.*, Ex. C.

[11] *Id.*, Ex. D.

[12] *See id.* at ¶¶ 18, 20; *id.*, Exs. C-E.

[13] *See id.* at ¶¶ 22-26.

[14] *See id.* at ¶¶ 27-37.

2
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  complaint raises seven causes of action based in California law and against all Defendants:  (1)
2  cancellation of the assignment, the substitution and the notice of default under Cal. Civ. Code
3  § 3412; (2) unfair competition under Cal. Bus. & Prof. Code § 17200; (3) procedural failures in
4  the foreclosure process in violation of Cal. Civ. Code § 2924(a)(6) and (f); (4) declaratory relief
5  against all Defendants; (5) failure to verify foreclosure documents for accuracy, in violation of
6  Cal. Civ. Code § 2924.17; (6) failure to satisfy the foreclosure due diligence requirements of Cal.
7  Civ. Code § 2923.5 and (7) quiet title.[15]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16]  When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[17]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[19]  Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint

---

[15] *See id.* at ¶¶ 38-91.

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[19] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

could not be saved by amendment.[20]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[21] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[22] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[23]

As a preliminary matter, Defendants request judicial notice of several notices of trustee's sale.[24] The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[25] Because Bryer disputes the legal effects of these documents,[26] the court will take judicial notice only of the fact that these documents were recorded in the public record.

*First*, many of Bryer's allegations rest on the allegedly invalid assignment of the deed of trust.[27] But in fact, California law allowed MERS to assign the deed of trust even after First Magnus went out of business. *Herrera v. Federal National Mortgage Ass'n* is directly apposite.[28]

---

[20] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[21] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[22] *See id.*

[23] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[24] *See* Docket No. 48.

[25] Fed. R. Evid. 201(b).

[26] *See* Docket No. 53-1.

[27] *See* Docket No. 42 at ¶¶ 22-26.

[28] *See* 205 Cal. App. 4th 1495 (2012).

4
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  In that case, the lender named on the plaintiffs' deed of trust had dissolved, but the California
2  Court of Appeal held that MERS nevertheless had the right to assign the deed of trust.[29] And,
3  contrary to Bryer's assertion, the *Herrera* court explicitly rejected plaintiffs' argument that
4  "MERS lacked authority to assign the [deed of trust]."[30] Here, as in *Herrera*, the deed of trust
5  specifically granted MERS the right "to exercise any or all of" the lender's interests.[31] This
6  included the authority to assign the note.[32] As a matter of law, the assignment was valid.

   ***Second***, Bryer also alleges that the notice of default is void because CRC, the foreclosing
8  party, was not authorized to initiate foreclosure and failed to comply with other statutory
9  requirements.[33] A notice of default may only be entered by "the holder of the beneficial interest
10 . . . , the original trustee or the substituted trustee under the deed of trust, or the designated agent
11 of the holder of the beneficial interest."[34] State law requires a notice of default to contain, among
12 other things, a statement identifying the deed of trust and the trustor, a statement explaining the
13 breach and information about how to cure the breach.[35] The notice also must include a declaration
14 stating that the declarant has contacted the borrower to explain the situation or that the declarant

---

[29] *See id.* at 1501-07.

[30] *Id.* at 1505.

[31] Docket No. 42, Ex. A at 3; *see Herrera*, 205 Cal. App. 4th at 1506 ("[T]he DOT stated MERS held all the rights of the lender, including the right to foreclose."); *Ogilvie v. Select Portfolio Servicing*, Case No. 12-cv-01654, 2012 WL 4891583, at *3 (N.D. Cal. Oct. 12, 2012) (analyzing identical language in a deed of trust and reaching the same result).

[32] *See Herrera*, 205 Cal. App. 4th at 1498 ("MERS, as nominal beneficiary, has the power to assign its interest under a deed of trust."); *see also Lam v. JPMorgan Chase Bank NA*, 605 F. App'x 600, 603 (9th Cir. 2015) (citing *Herrera*, 205 Cal. App. 4th at 1498) (holding that MERS had the authority to assign a deed of trust).

[33] *See* Docket No. 42 at ¶¶ 27-36.

[34] Cal. Civ. Code § 2924(a)(6).

[35] *See id.* § 2924(a)(1).

5
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

has tried with due diligence to make that contact.[36]

The foreclosure satisfied all of these statutory requirements. The first of the three documents recorded on June 2, 2011 assigned the beneficial interest in the deed of trust to U.S. Bank.[37] As above, the deed of trust gave MERS the power to take this action under *Herrera*. In the second document, a representative of U.S. Bank named CRC as the new trustee of Bryer's deed of trust.[38] As the successor in interest of the beneficiary under the trust deed, U.S. Bank had the statutory authority to effect the substitution.[39] And in the third document, CRC entered the notice of default.[40] As "the substituted trustee under the deed of trust," state law authorized CRC to initiate the foreclosure.[41] As for the notice of default itself, the document as recorded included all of the necessary information.[42] It also was accompanied by the required declaration from JPMorgan, an agent of the beneficiary, stating that JPMorgan exercised due diligence but failed to contact Bryer to discuss her financial status and options.[43]

***Third***, Bryer further fails to allege that she has suffered prejudice from any defects in the

---

[36] *See id.* § 2923.55(c).

[37] *See* Docket No. 42, Ex. C.

[38] *See* Docket No. 42, Ex. D. In her complaint, Bryer observes that Colleen Irby signed both documents on behalf of different entities, but Bryer offers no basis for her allegation that Irby lacked the authority to do so. *See* Docket No. 42 at ¶¶ 18-19, 67.

[39] *See* Cal. Civ. Code § 2934a(a)(1) ("The trustee under a trust deed . . . may be substituted by the recording . . . of a substitution executed and acknowledged by . . . the beneficiaries under the trust deed, or their successors in interest."). Bryer points out that the deed of trust reserves to First Magnus the right to "appoint a successor trustee . . . by an instrument executed and acknowledged by [First Magnus]." Docket No. 42, Ex. A at 13. But MERS—on which the same document conferred the right to exercise any of First Magnus' interests, *see id.* at 3—named U.S. Bank as the successor to First Magnus' rights. *See* Docket No. 42, Ex. C.

[40] *See* Docket No. 42, Ex. E.

[41] Cal. Civ. Code § 2924(a)(6).

[42] *See* Cal. Civ. Code § 2924(a)(1); Docket No. 42, Ex. E at 1-2.

[43] *See* Cal. Civ. Code § 2923.55(c); Docket No. 42, Ex. E at 3.

6
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

foreclosure process. "[A] suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests."[44] The question is not whether the foreclosure harms Bryer; of course it does. The law, however, requires more. The operative inquiry is whether the wrongs that Bryer alleges "chang[ed] her obligations under the note," "interfered in any manner with her payment of the note" or otherwise affected her position as a borrower.[45] In short, Bryer must allege "that the foreclosure would have been averted but for the alleged deficiencies in the foreclosure process."[46] But Bryer only claims, in conclusory terms, that "payments equal to or more than the required amount were made on a monthly basis when the [notice of default] was recorded"[47] and that she "denies the allegations contained in the [notice of default] including owing to JPMorgan $27,752.64 as of May 25, 2011."[48] Even taking these bare-bones assertions as true, Bryer still fails to show prejudice. She does not allege that CRC—or First Magnus, the original lender—would never have foreclosed on her property if it had followed the proper procedures.[49] That omission is fatal to her claims.

As a result, none of Bryer's causes of action can survive. Her first, second, fourth and seventh claims—for cancellation of instruments, unfair competition, declaratory judgment and quiet title[50]—depend on her flawed argument that the recorded assignment and substitutions were

---

[44] *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011).

[45] *Id.*

[46] *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1147 (N.D. Cal. 2013) (citing *Natividad v. Wells Fargo Bank, N.A.*, Case No. 12-cv-03646, 2013 WL 2299601, at *16 (N.D. Cal. May 24, 2013)).

[47] Docket No. 42 at ¶ 29.

[48] *Id.* at ¶ 83.

[49] Also, the steadily increasing balances in the notices of sale suggest that Bryer may have stopped paying her mortgage at some point after 2011. *See* Docket No. 48, Exs. G-J. Although the court does not assume the truth of these representations, Bryer's complaint does not allege otherwise.

[50] *See* Docket No. 42 at ¶¶ 38-58, 63-70, 84-91.

1  void. For the reasons above, those claims are dismissed. Furthermore, because it has become
2  clear that those claims cannot be saved by amendment, leave to amend those claims is denied.[51]
3  Bryer's remaining claims—for violations of Sections 2924f(b)(3), 2924.17 and 2923.5 of the
4  California Civil Code[52]—fail as well because Bryer has not alleged prejudice. However, the court
5  is not yet convinced that further amendment would be futile.[53] The court therefore grants Bryer
6  leave to amend only these claims.

### IV.

Defendants' motion to dismiss is GRANTED. Leave to amend also is GRANTED, but only with respect to Bryer's third, fifth and sixth claims. Any amended complaint must be filed within 21 days.

**SO ORDERED.**

Dated: December 22, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[51] *See Eminence Capital*, 316 F.3d at 1052 ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").

[52] *See* Docket No. 42 at ¶¶ 62, 71-83. Bryer's third cause of action also raises a claim under Cal. Civ. Code § 2924(a)(6). *See id.* at ¶¶ 59-61. That portion is dismissed with prejudice because it too depends on the argument foreclosed by *Herrera*.

[53] *See Eminence Capital*, 316 F.3d at 1052 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)) (requiring district courts to apply "with extreme liberality" the policy of freely granting at least some leave to amend).