UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BRYER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 15-cv-00378-PSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(Re: Docket No. 70, 71) |

    Months ago, the court dismissed Plaintiff Linda Bryer's complaint for the second time, holding that the allegedly invalid assignment of the deed of trust on her property was in fact valid and that she had failed to allege prejudice from any defects in the foreclosure process.[1] Bryer now argues that, in light of the California Supreme Court's recent decision in *Yvanova v. New Century Mortgage Corp.*,[2] this court should revisit its previous finding about prejudice. But Bryer's new complaint still focuses on the purportedly invalid assignment, a line of reasoning that *Yvanova* did not affect. Defendant ALAW's motion to dismiss[3] is GRANTED without leave to amend. The motion to dismiss by the remaining Defendants[4]—U.S. Bank National Association and Select Portfolio Servicing, Inc.—also is GRANTED, but with leave to amend.

---

[1] *See* Docket No. 62; *see also* Docket No. 39.

[2] 62 Cal. 4th 919 (2016).

[3] *See* Docket No. 70.

[4] *See* Docket No. 71.

1
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

## I.

Bryer has owned a piece of real property in Capitola, California since 1994.[5] In 2006, she obtained a loan of $596,000 from First Magnus, securing the loan with a deed of trust on the Capitola property.[6] The deed of trust also named Mortgage Electronic Registration Systems, Inc. as the "nominee for Lender and Lender's successors and assigns" and First American Title Company as the "Trustee."[7] Less than two years later, First Magnus went under.[8]

The mortgage apparently remained in limbo until 2011. On May 25 of that year, however, an assignment of the deed of trust purported to transfer "all beneficial interest under" the deed of trust from First American Title to U.S. Bank.[9] Colleen Irby, an Assistant Secretary at MERS, signed the document.[10] Another document executed on the same day by Irby "substitute[d] California Reconveyance Company . . . as Trustee."[11] On June 2, CRC recorded the assignment and the substitution with the Santa Cruz County Recorder's Office—along with a notice of default signed by a CRC employee.[12]

Bryer identifies several problems with this course of conduct. First, she disputes the validity of the assignment.[13] Second, Bryer argues that the notice of default also was invalid. She cites various procedural defects and claims that CRC never had authority from First Magnus to

---

[5] *See* Docket No. 67 at ¶ 3.

[6] *See id.* at ¶ 12; *id.*, Ex. A (deed of trust); *id.*, Ex. B (promissory note).

[7] *Id.*, Ex. A at 2; *see* Docket No. 67 at ¶ 13.

[8] *See* Docket No. 67 at ¶ 14.

[9] *Id.*, Ex. C; *see* Docket No. 67 at ¶ 15.

[10] *See id.*, Ex. C.

[11] *Id.*, Ex. D.

[12] *See* Docket No. 67 at ¶¶ 15, 18; *id.*, Exs. C-E.

[13] *See* Docket No. 67 at ¶ 20.

2
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

initiate foreclosure.[14]

In dismissing Bryer's previous complaint, the court first held that "[a]s a matter of law, the assignment [by MERS] was valid."[15]  The court cited *Herrera v. Federal National Mortgage Ass'n*, in which the California Court of Appeal upheld an essentially identical assignment also involving MERS.[16]  The court also found that Bryer had failed to allege any prejudice resulting from the purported defects in the foreclosure process.[17]  Accordingly, the court dismissed four of Bryer's seven claims with prejudice and the remaining three with leave to amend.[18]

Bryer then filed a new complaint, which contains only those three causes of action against all Defendants: (1) procedural failures in the foreclosure process in violation of Cal. Civ. Code §§ 2924(a)(6) and 2924f(3); (2) failure to verify foreclosure documents for accuracy, in violation of Cal. Civ. Code § 2924.17 and (3) failure to satisfy the foreclosure due diligence requirements of Cal. Civ. Code § 2923.5.[19]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[20]

## III.

A complaint must contain "a short and plain statement of the claim showing that the

---

[14] *See id.* at ¶¶ 23-29.

[15] Docket No. 62 at 4-5.

[16] 205 Cal. App. 4th 1495, 1505-06 (2012), *overruled on other grounds by Yvanova*, 62 Cal. 4th at 939 n.13.

[17] *See* Docket No. 62 at 6-7.

[18] *See id.* at 7-8.

[19] *See* Docket No. 67 at ¶¶ 33-46.

[20] *See* Docket Nos. 16, 23, 27, 29.

1    pleader is entitled to relief."[21]  When a plaintiff fails to proffer "enough facts to state a claim to

2    relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon

3    which relief may be granted.[22]  A claim is facially plausible "when the pleaded factual content

4    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

5    alleged."[23]  Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable

6    legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[24]

7    Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint

8    could not be saved by amendment.[25]

9        At this stage of the case, the court must accept all material allegations in the complaint as

10   true and construe them in the light most favorable to the non-moving party.[26]  The court's review

11   is limited to the face of the complaint, materials incorporated into the complaint by reference and

12   matters of which the court may take judicial notice.[27]  However, the court need not accept as true

13   allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[28]

14   Against these standards, Bryer's new complaint fares no better than her last one.

15       *First*, ALAW notes that Bryer's complaint identifies no wrongful conduct—or, in fact, any

16   action at all—by ALAW.  Because Bryer alleges no facts to tie ALAW to any of her causes of

---

[21] Fed. R. Civ. P. 8(a)(2).

[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[24] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[25] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[26] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[27] *See id.*

[28] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

1  action, ALAW moves to dismiss all claims against ALAW.  Bryer filed a single response to both

2  motions to dismiss, and that response did not address ALAW's argument.[29]  Because Bryer has

3  made no attempt to state a claim against ALAW, the claims against ALAW are dismissed without

4  leave to amend.

5        ***Second***, U.S. Bank and SPS raise a number of problems with Bryer's claims.  With respect

6  to the first cause of action, alleging violations of Cal. Civ. Code §§ 2924(a)(6) and 2924f(3), they

7  point out that the court already dismissed the claim under Section 2924(a)(6) with prejudice.[30]

8  These Defendants also argue that Bryer has not stated a claim under Section 2924f(3), which

9  dictates when, how and where a notice of trustee's sale must be posted on the property to be sold,

10  because the notice at issue already has expired[31] and Bryer now has constructive notice of the

11  sale—which still has not occurred.  As to Bryer's Section 2924.17 claim, these Defendants argue

12  that the provision at issue did not go into effect until 2013,[32] while the notice of default Bryer

13  challenges was recorded in 2011.[33]  And on the claim under Section 2923.5, they note that Bryer

14  still has not alleged prejudice from Defendants' alleged failure to contact her before recording the

15  notice of default.[34]

---

[29] *See* Docket No. 75.

[30] *See* Docket No. 62 at 8 n.52.

[31] *See* Cal. Civ. Code § 2924g(c)(2) (providing that a new notice of sale is required when sale proceedings are postponed for more than 365 days).  Defendants have submitted for judicial notice a notice of trustee's sale recorded on April 2, 2014.  *See* Docket No. 72, Ex. 4.  As it did before, the court takes judicial notice only of the fact that this document was recorded in the public record. *See* Docket No. 62 at 4.

[32] *See Nan Hui Chen v. Deutsche Bank Nat'l Trust Co.*, Case No. 13-cv-03352, 2014 WL 2738071, at *8 (N.D. Cal. June 9, 2014); *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1153 (N.D. Cal. 2013).

[33] *See* Docket No. 67, Ex. E.

[34] *See Hart v. Select Portfolio Servicing, Inc.*, Case No. 15-cv-07953, 2015 WL 8374926, at *1 (C.D. Cal. Dec. 9, 2015) (citing *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186-87 (N.D. Cal. 2009)); *Ha v. Bank of Am., N.A.*, Case No. 14-cv-00120, 2014 WL 3616133, at *6 (N.D. Cal. July 22, 2014).

1    Instead of addressing these issues, Bryer's opposition to the motion to dismiss focuses on
2    the California Supreme Court's recent decision in *Yvanova v. New Century Mortgage Corp.*,[35]
3    which was issued after the court dismissed Bryer's last complaint.  As an initial matter, the court
4    notes that the vast majority of Bryer's opposition directly quotes—without citation or other
5    attribution—a lengthy analysis of *Yvanova* in a recent opinion by another court in this district.[36]
6    Perhaps for this reason, Bryer's argument largely misses the point.  *Yvanova* held that a plaintiff
7    has standing to bring a wrongful foreclosure claim on the grounds that the assignment of the
8    underlying deed of trust was void.[37]  The *Yvanova* court "express[ed] no opinion on whether
9    plaintiff ha[d] alleged facts showing a void assignment, or on any other issue relevant to her
10   ability to state a claim for wrongful foreclosure."[38]

     Here, by contrast, the court already has found that the assignment was valid.[39]  *Yvanova*
12   overruled *Herrera*, the case on which this court relied, only "to the extent [it] held borrowers lack
13   standing to challenge an assignment of the deed of trust as void."[40]  In fact, *Yvanova* recognized
14   that *Herrera* "primarily addressed the *merits* of a foreclosure challenge, concluding the borrowers
15   had adduced no facts on which they could allege an assignment from MERS to another beneficiary
16   was invalid."[41]  *Herrera*'s holding on the merits, then, is intact—and under that holding, the

---

[35] 62 Cal. 4th 919.

[36] *See Lundy v. Selene Finance, LP*, Case No. 15-cv-05676-JST, 2016 WL 1059423, at *8-13 (N.D. Cal. Mar. 17, 2016); Docket No. 75 at 1-7, 9-10.

[37] *See* 62 Cal. 4th at 935.  Although *Yvanova* considered wrongful foreclosure claims after a foreclosure already had occurred, the *Lundy* court extended that holding to pre-foreclosure claims.  *See* 2016 WL 1059423, at *10-13.

[38] 62 Cal. 4th at 943.

[39] *See* Docket No. 62 at 4-5.

[40] 62 Cal. 4th at 939 n.13.

[41] *Id.* at 934-35.

6
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

1 challenged assignment was valid.[42]

2 But in one respect, *Yvanova* does affect the court's previous reasoning. In finding that Bryer had failed to allege prejudice, the court cited *Fontenot v. Wells Fargo Bank, N.A.*, in which a California appellate court held that "a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests."[43] The *Fontenot* court went on to imply that the plaintiff must show that the assignment "chang[ed] her obligations under the note," "interfered in any manner with her payment of the note" or affected her financial position in some other way.[44] As a result, this court required Bryer to allege "that CRC—or First Magnus, the original lender—would never have foreclosed on her property if it had followed the proper procedures."[45] In *Yvanova*, however, the California Supreme Court disapproved of the above-quoted portion of the *Fontenot* opinion, at least with respect to the question of whether a borrower has standing.[46] The court therefore can no longer follow *Fontenot* in asking Bryer to allege prejudice as a threshold requirement for a viable claim.

---

[42] In her complaint, Bryer now suggests some new defects in the assignment—that MERS did not hold an ownership interest in the note when it conveyed it; that, if acting as an agent, MERS failed to disclose its principal, violating the statute of frauds; and that Irby was a "robo-signer" with no personal knowledge of the facts underlying the assignment. *See* Docket No. 67 at ¶¶ 20, 38. Bryer does not mention these defects in her opposition to the motion to dismiss. *See* Docket No. 75. In any case, these arguments do not hold much water. The *Herrera* court considered and rejected the first two issues. *See* 205 Cal. App. 4th at 1504-06; *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-71 (2011), *overruled on other grounds by Yvanova*, 62 Cal. 4th at 939 n.13; *Aguirre v. Cal-W. Reconveyance Corp.*, Case No. 11-cv-06911, 2012 WL 273753, at *6 (C.D. Cal. Jan. 30, 2012). And even assuming that Irby indeed was a robo-signer, at best that would render the assignment "voidable, not void, at the injured party's option." *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1109 (N.D. Cal. 2014) (citing *Maynard v. Wells Fargo Bank, N.A.*, Case No. 12-cv-01435, 2013 WL 4883202, at *9 (S.D. Cal. Sept. 11, 2013)).

[43] 198 Cal. App. 4th at 272, *quoted in* Docket No. 62 at 7.

[44] *Id.*

[45] Docket No. 62 at 7.

[46] *See* 62 Cal. 4th at 937-39.

Of course, independent of the standing inquiry, the underlying claims may still require the plaintiff to show prejudice.[47] As to the Section 2924f claim, "[t]o successfully challenge a foreclosure sale based on a procedural irregularity, . . . the plaintiff must show that the irregularity caused him or her prejudice."[48] And the only remedy for a violation of Section 2923.5 is a postponement of the foreclosure sale.[49] That sale still has not occurred nearly five years after the notice of default was filed, and "it is not clear what remedy [Bryer] can pursue at this stage of the litigation."[50]

Nevertheless, dismissal with prejudice is only appropriate if it is clear that further amendment would be futile.[51] That is true with respect to Bryer's claim under Section 2924(a)(6), which the court already dismissed with prejudice.[52] The same applies to her claim under Section 2924.17; Bryer has not responded to Defendants' observation that the provision at issue took effect only after the alleged wrongdoing. However, Bryer has had no opportunity to amend the remaining two claims, under Sections 2924f and 2923.5, since *Yvanova* was issued. The motion to dismiss is GRANTED, but with leave to amend only as to these two claims.[53] Any amended complaint must be filed within 21 days.

---

[47] *See id.* at 929 n.4, 937.

[48] *Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1002 (2016).

[49] *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 77 (2013) (citing *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010)).

[50] *Garcia v. PNC Mortg.*, Case No. 14-cv-03543, 2015 WL 534395, at *4 (N.D. Cal. Feb. 9, 2015).

[51] *See Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[52] *See* Docket No. 62 at 8 n.52.

[53] At the hearing on the motion, Bryer's counsel indicated that she intended to raise a new challenge to the underlying assignment. Because, as above, *Yvanova* did not affect *Herrera*'s holding on the propriety of that assignment, the court reiterates that Bryer may not allege any defects in the assignment in any amended complaint.

1  **SO ORDERED.**

2  Dated: May 23, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

9
Case No. 15-cv-00378-PSG
ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT